**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA**
P.O. Box 9264
Des Moines, Iowa 50306–9264
www.iasb.uscourts.gov

In the Matter of:                                                     Case No. 05–08552–lmj7

Kevin Dale Elwood
Melissa Ann Elwood

Debtor(s)

## ORDER REGARDING DUTIES OF DEBTOR(S) AND
## NOTICE REGARDING FAILURE TO ABIDE BY THIS ORDER

   11 U.S.C. sections 343 and 521 are applicable to this Chapter 7 case by operation of 11 U.S.C. section 103(a). Section 343 provides in part that **"[t]he debtor shall** appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title." Section 521 states:

   **The debtor shall–––**
   (1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs;*

   (2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate–––

   (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;
   (B) within forty–five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty–five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and
   (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title;

   (3) if a trustee is serving in the case, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;

   (4) if a trustee is serving in the case, surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title; and

   (5) appear at the hearing required under section 524(d) of this title.

   Furthermore, Rule 4002 of the Federal Rules of Bankruptcy Prodedure states:

   In addition to performing other duties prescribed by the Code and rules, **the debtor shall** (1) attend and submit to an examination at the times ordered by the court; (2) attend the hearing on a complaint objecting to discharge and testify, if called as a witness; (3) inform the trustee immediately in writing as to the location of real property in which the debtor has an interest and the name and address of every person holding money or property subject to the debtor's withdrawal or order if a schedule of property has not yet been filed pursuant to Rule 1007; (4) cooperate with the trustee in the preparation of an inventory, the examination of proofs of claim, and the administration of the estate; and (5) file a statement of any change of the debtor's address.

   **Entered on Docket
   10/11/05**

Lastly, it should be noted that the Court is entering this Order and Notice pursuant to 11 U.S.C. section 105(a) that indicates:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

**ACCORDINGLY, IT IS HEREBY ORDERED and NOTICED that:**

**(1)** The Debtor(s) and, if represented by counsel, the Attorney for the Debtor(s) shall comply fully and timely with the Code sections and the Rules governing this Chapter 7 case. Failure to do so may result in this case being dismissed and may result in the imposition of court costs and appropriate sanctions. Furthermore, dismissal may be with prejudice pursuant to 11 U.S.C. section 109(g)(1).

**(2)** If the Debtor(s) or the Attorney for the Debtor(s) should fail to abide by this Order, the United States Trustee or the Chapter Trustee may request the Court schedule an Order To Show Cause Hearing Why This Case Should Not Be Dismissed.

**(3)** If a request for an Order To Show Cause Hearing is made before the deadline for filing Objections to the General Discharge has expired, the Clerk of Court shall not thereafter enter the General Discharge unless and until so ordered by the Court.

**(4)** If a request for an Order To Show Cause Hearing is made after the General Discharge has been entered, the United States Trustee or the Chapter Trustee may commence an adversary proceeding seeking a revocation of the General Discharge pursuant to 11 U.S.C. sections 727(d)(3) and 727(e)(2).

                                                Judge Lee M. Jackwig
                                                United States Bankruptcy Judge

\***Debtor(s) shall** file these items with the petition or promptly thereafter. See Fed. R. Bankr. P. 1007.